JOHNSON, Chief Justice,
dissents in part and assigns reasons.
hi respectfully dissent from the majority’s decision to reverse the award of damages to Mr. Castille. While the majority correctly determines that the School Board breached its contractual obligations to Mr. Castille, the majority errs in finding this breach was not in bad faith.
La. R.S. 17:493.1 provides that “whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected.” Despite this mandatory provision, the School Board made a purposeful decision not to take driver’s seniority into account, unless it was “feasible.” The majority find this decision was “at most a product of negligence or bad judgment,” noting the School Board’s decision to redraw the routes was “based on the legitimate goal of saving money on fuel costs by making the bus routes more efficient.” However, in my view, the clear language of this statute does not allow for noncompliance simply because that noncompliance, is based, an alleged noble purpose, such as saving money. As aptly noted by the court of appeal:
The School Board rejected Mr. Castille’s tenure and seniority rights in the face of statutory authority, its own local rules, and its well-established School Board policy. In fact, after its venture into ignoring school bus drivers’ tenure and seniority rights in assigning routes, the School Board reverted to. its previous policy of filling vacant and' new routes pursuant to tenure and seniority. When Mr., Castille’ attempted to exert his rights, he was told to cease complaining or face disciplinary action. Despite all of the professed good reasoning for taking this action, it was not. an honest mistake. It was a specific refusal by the School Board to fulfill its contractual obligations. If one were to consider the fact that ignoring tenure and seniority rights allowed the Transportation Committee to favor a less-senior.driver over a more-senior driver by the simple act of placing the route’s beginning point closer to the less-senior driver’s home, its action in that regard constituted a nonfulfillment of an obligation for sinister or morally-questionable motives. To reach any other conclusion would render the school bus drivers’ tenure and seniority rights of no moment. A school board could act toward a tenured employee in any way it wished, and the only penalty would be the payment of salary and benefits. If the tenured employee was to continue working, as most would have to do, a school board would be able to violate the law with impunity. This case is a prime example of. that very situation.
*58 Castille v. St. Martin Parish School Bd., 15-997 (La.App. 3 Cir. 4/27/16), 190 So.3d 1225 1238-39.
It is undisputed that Mr. Castille had attained a tenured position and the School Board did not take his seniority into account when it reassigned the bus routes, despite the mandate of the statute. Further, it is undisputed the School purposefully chose to ignore the statute for the stated purpose of saving money on diesel fuel. I agree with the court of appeal that the School Board’s action in breaching its contractual obligation was not simply an honest mistake. The School Board intentionally and willfully rejected the requirement imposed by the statute. Thus, I find the School Board’s intentional and deliberate breach of contract to be in bad faith. For these reasons, I would affirm the court of appeal’s award of $75,000 in damages to Mr. Castille for breach of contract.
Hughes, J., dissents for the reasons assigned by Johnson,' C.J.